UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRIAM CARABALLO,

                Plaintiff,

    - against -

CAROLYN W. COLVIN, Commissioner of
Social Security,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 17, 2014

**ORDER**

11 Civ. 6159 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In a complaint filed on August 24, 2011, Plaintiff Miriam Caraballo, pursuant to 42 U.S.C. § 405(g), seeks review of the Commissioner's denial of her application for disability insurance benefits (Dkt. No. 2).[1] On January 12, 2012, this Court referred the matter to the Honorable Ronald L. Ellis, United States Magistrate Judge, for a Report and Recommendation ("R & R"). (Dkt. No. 9) Defendant filed her answer on February 27, 2012. (Dkt. No. 14) The parties then filed cross-motions for judgment on the pleadings. (Dkt. Nos. 17, 22)

        On January 6, 2014, Judge Ellis issued an R & R recommending that Plaintiff's motion be granted and that the case be remanded to the Commissioner for further administrative proceedings. (Dkt. No. 27) To date, neither party has filed objections to the R & R. The R & R recites the requirement that parties must file objections within fourteen days of service pursuant to Fed. R. Civ. P. 72, and warns of the consequences for failure to timely object. Where, as here, clear notice has been given of the consequences of a failure to object, and there are no

---

[1] This action was originally brought against Michael J. Astrue, in his capacity as the Commissioner of Social Security. (Cmplt. (Dkt. No. 2)) Carolyn W. Colvin later became Acting Commissioner of Social Security, and pursuant to Fed. R. Civ. P. 25(d), she has automatically been substituted as the defendant.

objections, the Court may adopt the report and recommendation without de novo review. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse a failure to object and conduct de novo review only if it appears that the magistrate judge committed plain error. See Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000).

Having reviewed the R & R and the record in this matter, this Court finds no error in the Magistrate Judge's determination. Accordingly, this Court adopts the R & R in its entirety. Plaintiff's motion for judgment on the pleadings is granted, and Defendant's motion for judgment on the pleadings is denied. This case is remanded for further proceedings to develop a comprehensive administrative record. The Clerk of the Court is directed to terminate the motions (Dkt. Nos. 17 and 22) and to close this case.

Dated: New York, New York
       March 17, 2014

SO ORDERED.

Paul G. Gardephe
United States District Judge